**FIRST NATIONAL BANK, AMES, IOWA, Appellant,**

v.

**LANTER COURIER CORPORATION, Appellee.**

No. 92–1937.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided May 7, 1993.

Barry J. Nadler, Ames, IA, argued, for appellant.

Nick Critelli, Des Moines, IA, argued, for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

McMILLIAN, Circuit Judge.

First National Bank of Ames, Iowa (First National), appeals from a final judgment of the United States District Court for the District of Iowa[1] holding Lanter Courier Corp.

(Lanter) not liable for the loss suffered by First National when four commercial deposits were stolen while being carried by Lanter. *First National Bank v. Lanter Courier Corp.*, No. 4–89–70572, slip op. at 4, 1992 WL 477015 (S.D.Iowa Mar. 30, 1992) (*Lanter*). For reversal, First National argues the district court erred in holding that (1) Lanter was merely a contract carrier and that (2) it is not against public policy to allow a courier service to limit its liability for the theft of property in its care. For the reasons discussed below, we affirm the judgment of the district court.

I.

In July 1988, representatives of First National contacted Lanter to provide courier service for the bank. First National had previously used Lanter and was aware that Lanter provides a time-sensitive, scheduled courier service for its customers. Lanter generally uses cars or small vans which limits the size, weight, and type of commodity they can carry. The majority of Lanter's customers are financial institutions or suppliers of financial institutions. Lanter generally transports non-negotiable instruments for those customers. Lanter also provides courier service for wholesale photo finishers and other companies that need small package general commodity delivery.

At the time of this action, Lanter operated in ten states and held common carrier and contract carrier permits from the United States for interstate business and a contract carrier permit in Iowa for intrastate business.[2] Lanter reviews each new business prospect on a case-by-case basis and the company limits itself to the shipments it can fit into its delivery schedule or routes. Lanter does not transport flammable, hazardous or explosive materials. Because Lanter has neither armed guards nor armored trucks, they do not normally contract to carry cash or negotiable instruments.

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

2. Lanter Courier Co.'s carrier status in Iowa has subsequently changed. After acquiring another transportation company in Iowa, Lanter was granted a common carrier permit for some of its transportation business in Iowa. At the time of this action, however, Lanter was only licensed as a contract carrier and will be considered as a contract carrier for purposes of this opinion.

When Lanter agreed to provide courier service for First National, they entered into Lanter's standard contract. The contract called for Lanter to pick up packages at the Des Moines Area Community College and Heartland Area Education Agency (Heartland) and deliver the packages to First National before 3:00 p.m. According to the contract, cash and negotiable instruments were not to be transported. However, a First National representative testified he informed Lanter that the packages were deposits from two of the bank's commercial customers. Although Lanter transported commercial deposits for other financial institutions, these deposits did not include cash and checks were stamped "for deposit only." In those instances, the standard contract was amended to include those types of items. The contract with First National was not so amended.

Sometime during the first month of courier service, a Lanter employee told his shift supervisor that the pickups at the community college and Heartland included checks, cash, and receipts in locked bags. Lanter contacted First National and stated it would not pickup and transport cash. First National assured Lanter the amounts of cash were insignificant and that it wanted Lanter to continue its courier service. Lanter agreed to continue the courier service on the basis that it would not be responsible for the cash and continued to make the pickups and deliveries.

On November 22, 1988, a Lanter employee made the pickups at the community college and Heartland, abandoned the vehicle at a local truck stop and stole the deposits. The deposits contained $3,678.39 in cash and $26,088.41 in checks stamped "for deposit only." On November 30, 1988, Lanter notified First National that it planned to discontinue the courier service. A First National representative testified that at this point, he agreed not to hold Lanter responsible if Lanter would continue courier service. Lanter agreed to continue if the bank would sign a disclaimer of liability, but First National never signed such a disclaimer. On December 1, 1988, First National made a claim for the November loss in the total amount of $7,013.87 including the cash, face value of checks not recovered, plus reconstruction costs.

Lanter continued to provide courier service to First National but decided to put two employees on the bank's pickups and deliveries. On January 6, 1989, two Lanter employees picked up the deposits at the community college and Heartland, made other deliveries, and then discovered the bank's deposits were missing. On January 9, 1989, First National made a claim for this second loss in the total amount of $28,311.36. Thereafter, Lanter stopped transporting deposits from the community college and Heartland to the bank, but Lanter continued to provide a general courier service for the bank.

Lanter refused to pay First National's claimed losses and First National sued Lanter in state court. Lanter removed the case to federal district court on the basis of diversity jurisdiction. Lanter argued that its contract with First National limited its liability only to the loss of "valuable paper," which the contract defined as only "cancelled checks, documents and non-negotiable instruments." The contract also excluded the transportation of and any liability for cash. Lanter argued that it continued the pickups and deliveries only after First National agreed not to hold it responsible for any cash losses.

First National argued that Lanter was a common carrier and could not limit its liability by contract under state law. Iowa Code § 327D.7. The bank argued that checks endorsed "for deposit only" are not negotiable instruments and thus are "valuable paper" within the meaning of the contract. With respect to the cash, the bank argued that Lanter was a common carrier of cash and thus, as a matter of public policy, could not exclude any liability for loss, especially for loss due to theft by one of its employees.

The district court found in favor of Lanter, holding that under Iowa law, checks endorsed "for deposit only" are negotiable instruments. *Lanter*, slip op. at 2. The district court found that Lanter was not a common carrier of negotiable instruments or cash, but did consider it a common carrier of non-negotiable instruments. *Id.* at 2–3. The

district court found that Lanter's exclusion of liability for cash did not violate public policy because First National, a sophisticated institution that transacts commercial business daily, could have contracted for armored car service but chose not to. *Id.* at 4. This appeal followed.

## II.

██ First National argues that, regardless of the status of restrictively endorsed checks under state law, the parties had agreed the restrictively endorsed checks were "valuable paper" within the definition in the contract. Although the contract between the parties was never amended, First National contends the parties fully intended to amend the contract to reflect the content of the packages. First National further argues that Lanter knew the deposits included some cash and nonetheless agreed to transport the deposits for the bank. First National contends that, as a common carrier of "valuable paper," Lanter cannot limit its liability by contract except as provided by statute, particularly for losses caused by its employees.

Lanter notes that the bank's argument depends upon its characterization of Lanter as a common carrier and that the argument must fail because Lanter is not a common carrier. Lanter argues it is a contract carrier, that is, it does not transport property for anyone and everyone, but instead transports property under individual written contracts for special and individual service required by a particular shipper. Lanter contends it was only authorized as a contract carrier for intrastate commerce. Lanter argues the state statutes restricting limitation of liability relied on by First National are only applicable to common carriers, not contract carriers. Lanter argues that whether the restrictively endorsed checks are negotiable or non-negotiable instruments is irrelevant because the important factor for purposes of limitation of liability is the difference between common carrier and contract carrier status.

We review district court determinations of state law *de novo.* *Salve Regina College v. Russell,* 499 U.S. 225, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). The statute

relied upon by First National is § 327D.7 which states:

> "A contract ... shall not exempt any person engaged in transporting for hire from the liability of a common carrier ... which would exist had not the contract been made...."

This statute is prefaced by § 327D.1 which states: "This chapter applies to intrastate transportation by for-hire common carriers...." Nowhere in Chapter 327D is the term contract carrier mentioned or discussed. This Chapter does not apply to contract carriers. The district court found that Lanter was not a common carrier of cash and negotiable instruments and we agree. Lanter is a contract carrier that contracts with individuals to transport certain items. Therefore, as a contract carrier, Lanter may limit its liability by contract which it did. The status of the restrictively endorsed checks under state law is not relevant to this decision.

██ First National next argues that the district court erred in finding that it is not against public policy for Lanter, as a company in the business of transporting goods for hire, to eliminate its liability for theft of property in its care. The Iowa Supreme Court has ruled that a blanket release of liability of a common carrier for loss "from any cause whatsoever" is void as a violation of public policy. *Ruebel Bros. v. American Express Co.,* 190 Iowa 600, 180 N.W. 658, 661 (1920). First National argues the Iowa Legislature has shown its support for this public policy by passage of § 327D.7.[3] First National contends it is against the public interest to permit a large sophisticated carrier like Lanter to eliminate all responsibility for goods it knowingly agreed to carry.

Lanter argues First National knew the nature of the courier service it provided, in particular that it did not provide armored car service, and the exceptions for and limitations of liability contained in their contract. Lanter argues the bank was free to use armored car service or other competitors in the courier business, yet the bank chose to continue with Lanter and consented to the

---

**3.** As noted above, § 327D.7 applies only to common carriers, not contract carriers.

224

terms of the contract. In addition, Lanter contends the provisions of the contract are clear, and because First National has not pleaded fraud, duress, mistake, or ambiguity, the contract is not subject to interpretation and must stand on its terms.

The district court found it was not against public policy for Lanter to limit its liability for restrictively endorsed checks and cash in its contract. *Lanter*, slip op. at 3. The district court made this determination after considering the parties' freedom to contract. *Id.* We have carefully reviewed the district court's decision and agree that Lanter's limitation of liability for loss is not contrary to public policy.

Accordingly, the judgment of the district court is affirmed.